**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GEORGE W. GIBBS, | ) | |
| Petitioner, | ) | 2:11-cv-00750-KJD-CWH |
| vs. | ) | |
| | ) | ORDER |
| ROBERT LEGRAND, | ) | |
| Respondent. | ) | |

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by counsel. Before the Court is respondents' Motion to Dismiss the petition (ECF No. 41), petitioner's Opposition (ECF No. 44) and respondents' Reply (ECF No. 46).[1] The matter is fully briefed and ready for review by the Court.

**I.   Procedural History**

Petitioner and two co-defendants were charged with numerous drug and sex offenses in an Information filed on January 22, 2001. Exhibit 6.[2] The case proceeded to trial on November 19, 2001, and concluded with guilty verdicts on November 20, 2001. Exhibits 20, 22 and 25. Petitioner was sentenced on May 7, 2002. Exhibit 25. He filed an appeal and the conviction was affirmed on June 3, 2003. Exhibit 34. The remittitur issued on July 1, 2003. Exhibit 35.

---

[1] "ECF No. __" denotes the Electronic Court File number.

[2] The exhibits referenced in this Order were submitted by petitioner in support of his amended petition, found at ECF Nos. 29-40 (referred to in this Order as "Exhibit __") or in support of his Opposition to the Motion to Dismiss, found at ECF No. 45 (referred to in this Order as "Oppo. Exhibit __").

1        On April 26, 2004, petitioner was visited in prison by David Schieck, an attorney. Exhibit 65 at G. On or about May 3, 2004, Mr. Schieck sent petitioner a post-conviction petition for writ of habeas corpus for his signature and return to Schieck for filing with the state court. Oppo. Exhibit 1. While petitioner signed the petition on May 14, 2004, and returned it to Mr. Schieck, Schieck apparently failed to file the petition. Exhibit 65, at H, I, and N; Exhibit 84, pp. 3-5.

        Petitioner filed a proper person motion for appointment of counsel in the state court on May 20, 2004. Exhibit 39. That motion was denied, as petitioner was informed by Mr. Schieck. Exhibit 41; Exhibit 65 at L. On December 17, 2004, petitioner requested a copy of the petition he believed had been filed on his behalf. Exhibit 65 at M. At that point, petitioner was informed by the clerk of the court that no petition was on file. *Id.* at N.

        Early the next year, petitioner obtained Andrew Wentworth as his attorney (exhibit 42) and on June 17, 2005, Wentworth filed a motion to file supplemental points and authorities in support of the petition for post-conviction relief. Exhibit 43. Because there was no petition actually on file with the state court, this motion was opposed by the State. Exhibit 50. A hearing was conducted by the court on July 7, 2005, wherein the court construed the supplemental petition as the original petition, and found it time-barred. Exhibit 57. The petition was dismissed. *Id.*, *see also* Exhibit 58.

        This dismissal was appealed and the Nevada Supreme Court remanded the matter. Exhibits 63 and 77. The state high court found that attorney Schieck's failure to file the post-conviction petition on petitioner's behalf constituted good cause to overcome the one-year limitations procedural bar and directed the trial court to conduct an evidentiary hearing on the matter. *Id.* The required evidentiary hearing was conducted on February 9, 2007, with attorney Schieck testifying that he had, in fact, promised and then failed to file the petition. Exhibit 84. Thereafter, on May 24, 2007, petitioner filed an his amended supplemental briefing in support of the post-conviction petition. Exhibit 88.

        On August 14, 2007, the trial court conducted a hearing and then denied the petition. Exhibit 92. A written decision was entered on October 18, 2007. Exhibit 94. This decision was

appealed. Exhibit 93. The Nevada Supreme Court affirmed the denial in an order entered on June 9, 2010, with remittitur being issued on July 6, 2010. Exhibits 126 and 127. The instant federal petition was submitted for mailing on May 3, 2011. ECF No. 1.

**II.     Discussion**

The respondents move to dismiss the petition, arguing it was not filed in compliance with 28 U.S.C. § 2244(d) and that ground one of the petition is not cognizable under the holding of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037 (1976). Petitioner argues that he is entitled to equitable tolling of the one-year limitation period and that he was not provided with a full and fair opportunity to litigate his Fourth Amendment claim in state court. These arguments are addressed below.

A.     <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner who was unsuccessful on direct appeal can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). *See also, Gonzalez v. Thaler,* 132 S.Ct. 641, 653 -654 (2012).

Furthermore, a properly filed petition for state post-conviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). The triggering date for the recommencement of the AEDPA limitations period is the Nevada Supreme Court's *issuance* of the remittitur, rather than the date it is received in the district court, or filed in the Nevada Supreme Court. *Duncan v. Walker,* 533 U.S. 167, 178, 121 S.Ct. 2120 (2001); *see Gonzales v. State of Nevada*, 118 Nev. 590, 593, 53 P.3d 901, 902 (2002); *see also Glauner v. State*, 107 Nev. 482, 813 P.2d 1001 (1991).

In calculating the elapse of time against petitioner's one-year limitation period, the Court gives petitioner the benefit of the equitable tolling granted to him by the Nevada Supreme Court and calculates the number of days between the date his conviction became final on September 1, 2003, and the date that he mailed his signed post-conviction petition to his counsel for filing; May 14, 2004. This period of time expired 257 days of his 365. The time was tolled during the pendency of his state post-conviction proceedings, which concluded on the issuance of the remittitur in his appeal of the denial of his petition on July 6, 2010. Petitioner submitted his federal petition for mailing on May 3, 2011, as indicated on the petition, itself.[3] This period of time encompasses a total of 301 days. As a result, petitioner expired a total of 558 days between the time his conviction became final and the time he filed his federal petition, a fact undisputed by petitioner.

The petition is untimely. Thus, unless petitioner can demonstrate that he is entitled to equitable tolling of the limitation period, this petition must be dismissed.

B. Equitable Tolling

"When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent). The availability of equitable tolling was recently confirmed by the United States Supreme

---

[3] While the federal petition was not received and filed with this Court until May 11, 2010, petitioner is entitled to the benefit of the mailbox rule set forth in *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); which is applicable to both state and federal post-conviction cases. *See Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir. 2001). Under *Lack*, the petition is considered filed on the date it is handed to prison officials for mailing to the court.

Court in *Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010), when it recognized the basic presumption that " 'equitable principles' have traditionally 'governed' the substantive law of habeas corpus" and declined to construe 28 U.S.C. § 2244(d) to "displace courts' traditional equitable authority absent the 'clearest command.'" *Id.* at 2560 (citations omitted).

However, the Court went on to hold that a petitioner is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* at 2562 quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807 (2010).The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

The petitioner in *Holland*, a death-penalty case, successfully argued that his counsel was incompetent because he failed to file Holland's petition on time and did not even know when the limitations period for doing so expired, despite his client's numerous letters inquiring about the matter and offering the attorney the applicable rules. Holland's counsel further failed to inform his client when his appeal had been decided and refused to communicate with him "over a period of years." *Holland,* 130 S.Ct. at 2564. The Court concluded that the attorney's conduct was "far more than 'garden variety' or 'excusable neglect.'" *Id.*

Petitioner argues that he is entitled to equitable tolling because his counsel, too, was incompetent where he failed to notify petitioner when the Nevada Supreme Court had decided his post-conviction appeal and then failed to return petitioner's files to him in time to prepare and file a federal habeas corpus petition before the deadline. Petitioner further argues that he was reasonably diligent in pursuing his rights as evidenced by the numerous letters he wrote to his attorney asking for information.

*See* Oppo. Exhibits 3-6, 11, 13, 15-17 and 21.  He contends that he diligently sought release and return of his files, even sending his sister to pick them up from the attorney's office.  *See* Oppo. Exhibit 27.  He contends that the fact that he filed his federal petition within sixty-five days of obtaining the files evidences his diligence, arguing he could not have prepared his petition without the files.

Respondents argue to the contrary, noting that petitioner's own letters to his attorney indicate his ability to obtain information about his case through sources other than his attorney, citing to Oppo. Exhibit 9.  In that letter, dated May 5, 2009, petitioner indicated that he had seen "the status check from the Supreme Court" and that his sister was and had been assisting him in pursuit of his rights.  Respondents also point to Oppo. Exhibit 13 which indicates that petitioner had received copies of all the appellate briefs filed in his post-conviction appeal in May of 2010, and Oppo. Exhibit 17, which indicates petitioner had been in communication with the Nevada Supreme Court in December 2010, to obtain a copy of the docket sheet.  Finally, respondents argue that because petitioner had copies of all of the briefs filed in the state court, he could have prepared his federal habeas petition anytime after May of 2010.  These facts, they assert, demonstrate that petitioner did not face extraordinary circumstances beyond his control which prevented him from timely filing his federal petition and that he was not sufficiently diligent in pursuing his rights.  The Court agrees.

In *Holland*, the United States Supreme Court determined that the petitioner's counsel had been incompetent in his handling of Holland's case.[4]  The Court further held that Holland had been "reasonably diligent" through his letters to the attorney, his repeated contacts with the state courts and court clerks, and because, "the *very day* that Holland discovered that his AEDPA clock had expired" he prepared and promptly filed his own federal petition. *Holland*, 130 S.Ct. at 2565 (emphasis in the original).

---

[4] It is of note that the *Holland* Court did not find that counsel's incompetence was an extraordinary circumstance sufficient to warrant equitable tolling. While the Court did conclude that the district court was wrong in determining that petitioner had not been diligent, it remanded the matter for the appellate court to more carefully examine the record to determine whether it was sufficient to establish the requisite extraordinary circumstances or would require further proceedings.

1       Here, petitioner has not demonstrated that his counsel was, in fact, incompetent. Rather,
2 he has merely established that he had trouble communicating with the attorney and that he was not
3 timely informed that his appeal had been decided. Moreover, there is evidence which suggests that
4 petitioner had the regular support and assistance of his sister and that, through her or by other means,
5 he was able to communicate with the Nevada Supreme Court to obtain information about the status of
6 his case. He has not demonstrated that he was diligent in his pursuit of his appellate rights. For
7 example, he could have, but did not, contact the court for information about his case during the six
8 months after he received the briefs and the matter was submitted for decision. He could have, but
9 apparently did not, begin to prepare his federal habeas petition once he received copies of his post-
10 conviction appellate briefs. He waited two months after he knew his appeal had been denied before he
11 contacted his attorney to obtain his files. He could have, but apparently did not, have his sister pick up
12 his files from the attorney's office sooner than the three weeks she waited after petitioner requested the
13 files. Finally, petitioner should have, but did not, file his federal petition within a reasonable time of
14 learning of the denial of his state appeal. A wait of six months is not reasonable given the information
15 and resources petitioner had at the time the appeal was decided and neither is the sixty-five days he
16 allowed to pass after receiving his files while purportedly preparing his federal petition.

17     C.    <u>Fourth Amendment Claim</u>

18       Respondents also argue that ground one of the petition is not cognizable in these federal
19 proceedings under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976). This issue need not be decided
20 given the Court's determination that the petition is untimely and must be dismissed.

21

22 **III.**    **Conclusion**

23       Petitioner has not demonstrated that he is entitled to equitable tolling of his statute of
24 limitations. His petition is untimely and must be dismissed pursuant to 29 U.S.C. § 2244(d).

25       Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28

26

Case 2:11-cv-00750-KJD-CWH Document 47 Filed 07/23/12 Page 8 of 8

U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues before the Court related to the timeliness of the petition, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that reasonable jurists could find the determination of the issue of equitable tolling "debatable or wrong" in light of the holding of *Holland v. Florida,* 130 S.Ct. 2549 (2010). The Court will therefore grant petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 41) is **GRANTED.** The petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that a Certificate of Appealability **IS GRANTED.** The Clerk shall enter judgment accordingly.

DATED: July 23, 2012

_____
UNITED STATES DISTRICT JUDGE

8