# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE W. GIBBS,

    Petitioner,

vs.

ROBERT LeGRAND, *et al.*,

    Respondents.

Case No. 2:11-cv-00750-KJD-CWH

**ORDER**

    This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel.

    By order filed July 23, 2012, this Court granted respondents' motion and dismissed this action with prejudice as untimely.  (ECF No. 47).  Judgment was entered on July 24, 2012.  (ECF No. 48).  Petitioner appealed.  (ECF No. 49).  On September 17, 2014, the United States Court of Appeals for the Ninth Circuit filed a memorandum opinion reversing this Court's dismissal of the action.  (ECF No. 57).  The Court of Appeals reversed this Court's order dismissing the petition as untimely, and remanded for consideration of the petition on the merits.  (*Id.*).  By order filed April 10, 2015, this Court directed respondents to file an answer addressing the merit of each ground of the amended petition.  (ECF No. 63).

    Respondents have filed a motion seeking a ruling on the Fourth Amendment claim in Ground 1 of the amended petition.  (ECF No. 65).  Petitioner has filed no opposition to respondents' motion.  Ground 1 of the first amended petition alleges that petitioner's Fourth Amendment rights

were violated by a warrantless search and seizure of items found during a search of petitioner's residence. (ECF No. 28, at pp. 10-12). Respondents assert that Ground 1 of the amended petition is barred by the decision in *Stone v. Powell*, 428 U.S. 465 (1976).

Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47 (1986). The Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review created no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann,* 477 U.S. at 447.

Ground 1 of the first amended petition alleges that petitioner's Fourth Amendment rights were violated by a warrantless search and seizure of items found during a search of petitioner's residence. (ECF No. 28, at pp. 10-12). It is clear from the record that petitioner was given a full and fair opportunity to litigate his Fourth Amendment claim before the state courts. *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990); *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981). Specifically, petitioner filed two motions to suppress the evidence found during the search of his residence in which he alleged violation of his Fourth Amendment search and seizure rights. (Exhibits 11 & 16). Petitioner's motions to suppress evidence were denied by the state district court. (Exhibits 15 & 19). Petitioner also raised the Fourth Amendment claim in his opening brief on direct appeal to the Nevada Supreme Court. (Exhibit 30). The Nevada Supreme Court considered and rejected petitioner's Fourth Amendment claim. (Exhibit 34). The Fourth Amendment claim raised in Ground 1 of the federal habeas petition was exhaustively litigated in the state courts below. Because petitioner had the opportunity to fully and fairly litigate the Fourth Amendment claim that he now presents in Ground 1 of his first amended petition, this Court is precluded from reviewing that claim and it will be dismissed.

**IT IS THEREFORE ORDERED** that Ground 1 of the amended petition, alleging violation of petitioner's Fourth Amendment search and seizure rights, is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN ANSWER** to Grounds 2, 3, and 4 of the amended petition within **forty-five (45) days** from the date of entry of this order. The answer shall include substantive arguments on the merits as to Grounds 2, 3, and 4 of the amended petition. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254 regarding providing relevant transcripts and the state court record. To the extent that respondents may seek to raise procedural defenses to any grounds of the amended petition, such arguments shall be included in the answer. **No further motions to dismiss will be entertained in this case**.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to the answer, within **forty-five (45) days** after being served with the answer.

**IT IS FURTHER ORDERED** that the parties **SHALL PROVIDE** courtesy copies of all exhibits previously filed with the Court in this action, even if courtesy copies of such exhibits were previously provided to the Court. The hard copy of all exhibits shall be forwarded, for this case, to the staff attorneys in **Reno, Nevada** and shall be submitted not later than when the answer and reply are filed.

**IT IS FURTHER ORDERED** that any further exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of all exhibits shall be forwarded, for this case, to the staff attorneys in **Reno, Nevada.**

Dated this __14__ day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE