# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE W. GIBBS,

    Petitioner,

vs.

ROBERT LeGRAND, *et al.*,

    Respondents.

Case No. 2:11-cv-00750-KJD-CWH

**ORDER**

    This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel.

**I. Petitioner's Motion for New Counsel**

    On May 6, 2016, petitioner filed a motion seeking the appointment of new counsel, citing his dissatisfaction with appointed counsel that is currently representing him.  (ECF No. 70). Specifically, petitioner faults his counsel for not pursuing all arguments that petitioner asked him to pursue.  Petitioner laments that it is "unfair if the accused is denied counsel at a critical stage in the proceedings."  (ECF No. 70, at pp. 1-3).

    This Court granted petitioner's motion for the appointment of counsel on June 13, 2011. (ECF No. 17).  On July 13, 2011, the Federal Public Defender's office filed a notice of appearance on behalf of petitioner.  (ECF No. 19).  Petitioner asks the Court to substitute another attorney in place of his existing attorney.  First, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v.*

*Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  As such, even if petitioner did not have counsel at all during this habeas corpus proceeding, he would not be unconstitutionally denied counsel during a "critical stage in proceedings."  Petitioner is fortunate that this Court appointed counsel to represent him in this federal habeas proceeding.  Petitioner is not entitled to his choice of counsel when the Court has already appointed counsel who continues to litigate competently on petitioner's behalf in this habeas proceeding.  In the interests of justice, petitioner's motion for the substitution of counsel is denied.  The Court further orders petitioner to refrain from filing further *pro se* pleadings in this action, and instead proceed through counsel, pursuant to Local Rule, Part IA, Rule 11-6(a).  Any further documents filed by petitioner in *pro se* shall be stricken.

**II. Respondents' Motion to Manually File and Seal**

Respondents have filed an answer, along with a motion for leave to file Exhibit A manually and under seal. (ECF No. 76).  Respondents explain that Exhibit A consists of four DVDs that were admitted to the state trial court in the underlying criminal trial.  The content of the DVDs are sensitive in nature, given that they depict sex acts directly related to the crimes for which petitioner was convicted.  Respondents explain that the DVDs, in conjunction with the answer, address one or more of petitioner's claims regarding sufficiency of the evidence in the instant habeas corpus proceeding.

In general, there is a strong presumption in favor of public access to judicial filings and documents.  *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003).  For a document filed with a dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana*, 447 F.3d at 1179-89.  Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. *Kamakana*, 447 F.3d at 1179-89.  The Court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana*, 447 F.3d at 1179.

The DVDs in Exhibit A are submitted in support of respondents' answer, which is a dispositive pleading.  The DVDs contain evidence relevant to one or more of petitioner's claims regarding sufficiency of the evidence, which must be analyzed on the merits of the habeas petition in this case.  The DVDs contain sensitive matters concerning petitioner's crimes that should be sealed.  On balance, the potential harm to the parties' and victims' interests outweighs the public's right to access the DVDs.  Respondents have made an adequate showing of compelling reasons to keep the DVDs in Exhibit A sealed.  Accordingly, the Court grants respondents' motion to file manually and under seal.

### III. Petitioner's Motions for Extension to File Reply

Petitioner's counsel has filed unopposed motions for an extension of time in which to file a reply to respondents' answer.  (ECF Nos. 81 & 82).  Having reviewed the motion and good cause appearing, petitioner's motion is granted.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion to substitute another attorney in place of his appointed attorney (ECF No. 70) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to manually file Exhibit A and keep it under seal (ECF No. 76) is **GRANTED.**  Within **thirty (30) days**, respondents **SHALL MANUALLY DELIVER** Exhibit A (consisting of four DVDs) to the **Reno** Division of the Clerk of Court, in a sealed envelope marked with the full case name and number of this action.  Once received and manually filed, the DVDs **SHALL BE KEPT UNDER SEAL** by the Clerk of Court.

**IT IS FURTHER ORDERED** that petitioner's motions for an extension of time (ECF Nos. 81 & 82) to file a reply to the answer is **GRANTED.**  Petitioner's reply shall be filed within **ten (10) days** from the date of entry of this order.

Dated this __24__ day of February, 2017.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE